## Smrek v. Forest Area Board of Education

*Joseph E. Altomare,* for plaintiff.
*William R. Strong,* for defendant.

WOLFE, *P.J.,* March 31, 1981—Defendant has filed a demurrer to plaintiff's complaint in assumpsit.

The facts giving rise to the action are not in dispute.

During the 1977-78 fiscal year plaintiff was employed as a principal of the Forest Area School District with the remuneration of $20,207 annually. During this period, while on sabbatical leave defendant granted salary increases to its principals except plaintiff. Upon plaintiff's return to active service for the 1979-80 fiscal year he was again denied a further increment notwithstanding the other principals received it. Plaintiff now demands $3,000 to match the increments accorded to the other principals.

At the time of plaintiff's sabbatical his mandatory minimum salary and increments fell under Class G of the Public School Code of March 10, 1949, P.L. 30, art. XI, sec. 1142, as amended, 24 P.S. §11-1142, as plaintiff at this time was a principal having 20 teachers or more but less than 40 under his supervision and his years of tenure exceeded the minimum salary and mandatory increments provided under section 1142(d) in that plaintiff had 23 years at the time of his leave and therefore had exhausted the statutory mandatory salary increments. It is therefore defendant's argument in support of the demurrer plaintiff is not entitled to any further increments as a matter of law.

Plaintiff argues, however, notwithstanding the school district adopted a salary and increment policy in excess of the statutory minimums and to deny plaintiff the increment is discriminatory. Reliance is made on section 1170 of the act providing:

"Every employe, while on sabbatical leave of absence, shall be considered to be in regular full-time daily attendance in the position from which the sabbatical leave was taken, during the period of said leave, for the purpose of determining the employe's length of service and the right to receive increments as provided by law."

Plaintiff asserts this portion of section 1170 must be read in conjunction with section 1152 which controls compensation in excess of the mandatory schedule providing:

"The foregoing schedules prescribe a minimum salary in each instance, and where an increment is prescribed, it is also a minimum. It is within the power of the boards of school directors to increase for any person or group of persons, included in any schedule, the initial salary or the amount of an increment or the number of increments.

"Nothing contained in this act shall be construed to interfere with or discontinue any salary schedule rights, tenure rights, or other privileges or terms of employment now or heretofore in force in any school district, provided such shall meet the requirements of this act, nor to prevent the adoption of any salary schedule in conformity with the provisions of this act . . ."

Plaintiff acknowledges his current salary was in excess of the mandatory schedule and any subsequent resulting increments would be within the

board's policy, however, his discriminatory claim is founded in the decision of the district to exclude his increment simply for the reason he was on sabbatical leave which is in violation of his "retained privileges" and in violation of section 1170 "as provided by law."

Counsel agrees there are no reported cases on this issue or interpretation of section 1152 in conjunction with 1170. We can find no legal merit to defendant's argument. Clearly the board under section 1152 has the discretion to establish a policy to increase the salary for any employe or groups of employes in excess of the prescribed minimums by legislative fiat. Plaintiff acknowledges he would have no standing if the board had simply excluded him from the increments but since it did so solely for the reason he was on sabbatical leave his salary rights have been violated as provided by law.

Plaintiff would support this argument by eviscerating a portion of section 1170 and engrafting it to section 1152 and thereby convert a board policy to a vested right. It should be clear this argument is untenable. Plaintiff has far exceeded salary increments over the mandated schedule. There is nothing in the Public School Code that would give any credence to plaintiff's interpretation.

We find that there is no genuine issue of fact existing directly or by fair inference for the fact finders and therefore hold as a matter of law plaintiff has no cause of action and the demurrer must be granted and enter the following

## ORDER

And now, March 31, 1981, defendant's demurrer is granted. Record costs to be paid by plaintiff.